FILED

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2011 APR 29 P 2: 26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **AUGME TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | Civil Action No. 3: 11 CV 282 HEH |
| v. | |
| **GANNETT CO, INC.; LUCIDMEDIA NETWORKS, INC.; and AOL, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Augme Technologies, Inc. ("Augme" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Gannett Co., Inc. ("Gannett"); LucidMedia Networks, Inc. ("LucidMedia") and AOL, Inc. ("AOL") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 7,783,721 (the "'721 Patent") (attached as Exhibit A) entitled "Method and Code Module For Adding Function To A Web Page," and United States Patent No. 7,831,690 (the "'690 Patent") (attached as Exhibit B) entitled "Appliance Metaphor For Adding Media Function To A Web Page." Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents. In addition, Plaintiff

1

seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.    This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in an electronic or computer network system for targeting content to an end user through a Web browser.

## THE PARTIES

4.    Plaintiff Augme is a corporation organized under the laws of the State of Delaware, with its principal place of business at 43 West 24th Street, 11th Floor, New York, New York 10010.

5.    Plaintiff Augme is the lawful assignee of all right, title and interest in and to the '721 and '690 Patents (collectively, the "patents-in-suit").

6.    Plaintiff Augme is a publicly traded company which is a technology and services leader in new media marketing platforms that enable the seamless integration of brands, music, video and other content through the power of the Internet and mobile communications.  Augme's new media marketing platforms give companies the control they need to quickly create, deploy, and measure rich-media, interactive marketing campaigns across all networks and devices. Augme marketing platforms condense the customer loyalty cycle by personalizing the brand experience and delivering that experience to customers where they work, play and live. Augme's technology connects brands and content to consumers in a network of mobile and multimedia experiences enabling companies and their marketing agencies to create new markets and monetize brand interactions.  Among other things, Augme provides interactive media

2

marketing platforms, applications, services, systems, and methods that enable marketers to integrate video and other digital content to deliver promotions that are personalized based upon characteristics of the user. Augme's customers have included a number of national companies.

7.     Upon information and belief, Defendant Gannett is a corporation organized under the laws of the State of Delaware. Upon information and belief, at all times mentioned herein, Defendant Gannett's corporate headquarters and principal place of business has been and is located at 7950 Jones Branch Drive, McLean, Virginia 22107-0910, in this judicial district and division.

8.     Gannett identifies itself as "a media and marketing solutions company with a diverse portfolio of broadcast, digital, mobile and publishing companies" that "helps business customers connect with ... highly engaged audiences through ... marketing services, customized solutions and national-to-local-to-personal reach."

9.     Gannett makes, uses, sells, offers for sale, and/or imports into the United States certain interactive media marketing platforms, applications, services, systems, and methods that enable marketers to integrate video and other digital content to deliver promotions that are personalized based upon characteristics of the user. By way of example, and not limitation, based upon publicly available information, Gannett provides infringing web pages at the URL www.usatoday.com that include video content and/or advertisements, and also advertisement services that infringe one or more of the claims of the patents-in-suit. Augme reserves the right to supplement or amend the list of accused products/services after reviewing non-publicly available information through discovery.

10.     Upon information and belief, Defendant LucidMedia is a corporation organized under the laws of the State of Delaware. Upon information and belief, at all times mentioned

3

herein, Defendant LucidMedia's principal place of business has been and is located at 11490 Commerce Park Drive, Reston, Virginia  20191, in this judicial district and division.

11.   LucidMedia identifies itself as a "digital media management solution provider for the online display advertising industry."  LucidMedia makes, uses, sells, offers for sale, and/or imports into the United States certain interactive media marketing platforms, mobile platforms, applications, services, systems, and methods that enable marketers to integrate video and other digital content to deliver promotions that are personalized based upon characteristics of the user. By way of example, and without limitation, based upon publicly available information, LucidMedia offers an infringing product and/or service called ClickSense, and provides products, services, and/or web pages that include video content and/or advertisements that infringe one or more of the claims of the patents-in-suit.  Augme reserves the right to supplement or amend the list of accused products/services after reviewing non-publicly available information through discovery.

12.   Upon information and belief, Defendant AOL is a corporation organized under the laws of the State of Delaware.  AOL states that its corporate headquarters are located in New York, New York.  However, AOL has at all pertinent times maintained, and continues to maintain, a substantial facility at 22260 Pacific Boulevard, Dulles, Virginia 20166, in this judicial district and division.  Upon information and belief, AOL's facility in Dulles, Virginia has served as its corporate headquarters, and it continues to maintain a large presence at the Dulles, Virginia, facility, which includes its product development team.

13.   AOL makes, uses, sells, offers for sale, and/or imports into the United States certain interactive media marketing platforms, applications, services, systems, and methods that enable marketers to integrate video and other digital content to deliver promotions that are personalized

4

based upon characteristics of the user. By way of example, and not limitation, based upon publicly available information, AOL operates infringing web pages that provide video content and/or advertisements at the uniform resource locators ("URLs") www.hulu.com, www.huffingtonpost.com and www.aol.com, and also provides advertising services that infringe one or more of the claims of the patents-in-suit. Augme reserves the right to supplement or amend the list of accused products/services after reviewing non-publicly available information through discovery.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Defendants are all subject to personal jurisdiction in this judicial district and division because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division. In addition, each of the Defendants has committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the patents in suit in this judicial district and division. In addition, both Defendants Gannett and LucidMedia have their corporate headquarters in this judicial district and division. Defendant AOL has, at least at one time, had its corporate headquarters in this judicial district and division, and it continues to maintain a substantial facility in this judicial district and division.

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district and division,

LIBW/1779593.1

and have committed acts of infringement in this district and division.

## FACTUAL BACKGROUND

17. The patents-in-suit are all generally directed to computer and network systems for providing targeted content to an end user. The '721 Patent covers a two-code module system that enables any network-delivered content to be customized based on end-user criteria. The '721 Patent enables a single webpage to have an almost unlimited number of service responses that allow individuals to receive content that is customized to their own computing environment, connectivity, bandwidth level, geographic location, gender, age, or any other targeting criteria such as behavioral marketing data. The '690 Patent covers a media appliance metaphor for adding media function to a web page. The media appliance metaphor is customized and compliments the information content of a web page.

18. The first patent in suit, the '721 Patent, was duly and legally issued on August 24, 2010.

19. The second patent in suit, the '690 Patent, was duly and legally issued on November 9, 2010.

20. Plaintiff Augme is the assignee of all right, title and interest in and to the aforementioned patents and has the legal right to enforce the patents in suit against the Defendants in this case.

21. Plaintiff Augme has been irreparably harmed by each of the Defendants' infringements of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of Plaintiff's patented systems and methods has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

LIBW/1779593.1

22.   Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property.  Each of the Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use.  Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I

### (Infringement of United States Patent No. 7,783,721)

### (Against All Defendants)

23.   Paragraphs 1 through 22 are incorporated by reference as if fully restated herein.

24.   Plaintiff Augme is the assignee and lawful owner of all right, title and interest in and to the '721 Patent.

25.   Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '721 Patent.

26.   Each of the Defendants has been and continues infringing one or more of the claims of the '721 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

27.   Each of the Defendants has been inducing and/or contributing to the infringement

7

of the '721 Patent and will continue to induce and/or contribute to the infringement of the '721 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §284 and is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## COUNT II

### (Infringement of United States Patent No. 7,831,690)

### (Against All Defendants)

29. Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30. Plaintiff Augme is the assignee and lawful owner of all right, title and interest in and to the '690 Patent.

31. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '690 Patent.

32. Each of the Defendants has been and continues infringing one or more of the claims of the '690 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

33. Each of the Defendants has been inducing and/or contributing to the infringement of the '690 Patent and will continue to induce and/or contribute to the infringement of the '690 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

34. Plaintiff is entitled to recover damages adequate to compensate for the infringement

8

pursuant to 35 U.S.C. §284 and is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each of the Defendants, granting Plaintiff the following relief:

A.     That this Court adjudge and decree that the '721 Patent is valid and enforceable against each of the Defendants and that the '690 Patent is valid and enforceable against each of the Defendants;

B.     That this Court adjudge and decree that each of the Defendants has infringed, directly and indirectly, the '721 Patent and the '690 Patent;

C.     That this Court permanently enjoin each of the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit, or otherwise engaging in acts of infringement of the patents-in-suit, all as alleged herein;

D.     That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of each of the Defendants' infringement;

E.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against each of the Defendants that is adequate to compensate

9

Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F.      That this Court assess pre-judgment and post-judgment interest and costs against each of the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G.      That this Court declare this case to be exceptional and direct Defendants to pay Plaintiff Augme's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

H.      Grant to Plaintiff such other, further, and different relief as may be just and proper.

10

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: April 29, 2011

Respectfully submitted,

David M. Young (VSB#35997)
**GOODWIN PROCTER** LLP
901 New York Avenue, N.W.
Washington, DC  20001
Tel.:  202.346.4000
Fax: 202.346.4444
email:  DYoung@goodwinprocter.com

Counsel for Plaintiff
Augme Technologies, Inc.

Of Counsel

Scott L. Robertson
Jennifer A. Albert
**GOODWIN PROCTER** LLP
901 New York Avenue, N.W.
Washington, DC  20001
Tel.:  202.346.4000
Fax:  202.346.4444
email:  srobertson@goodwinprocter.com
email:  jalbert@goodwinprocter.com

11

LIBW/1779593.1