IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AUGME TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:11CV282–HEH |
| | ) |
| GANNETT CO., INC., LUCIDMEDIA | ) |
| NETWORKS, INC., and AOL, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Granting Motions to Transfer Venue; Severing LucidMedia's Counterclaim)

In this action, Plaintiff Augme Technologies, Inc. ("Augme") alleges that Defendants Gannett Co., Inc. ("Gannett"); LucidMedia Networks, Inc. ("LucidMedia Networks, Inc."); and AOL, Inc. ("AOL") (collectively, "the Defendants") infringed two of its patents relating to computer network systems. The case is presently before the Court on AOL and Gannett's motions to transfer venue to the Southern District of New York or, in the alternative, sever and transfer Augme's claims against them. For the reasons stated below, both motions will be granted.

### I.

On April 29, 2011, Augme filed this action alleging that the Defendants infringed two patents currently held by Augme—(1) U.S. Patent No 7,783,721, entitled "Method and Code Module for Adding Function To A Web Page" ("the '721 Patent"), and (2) U.S. Patent No. 7,831,690, entitled "Appliance Metaphor for Adding Media Function to a

Web Page" ("the '690 Patent"). Both patents "relate[] to methods and systems for adding function to" Internet web pages. (Pl.'s Compl. Exs. A and B, at 15:1.)

Each of the Defendants has counterclaimed for a declaratory judgment of non-infringement of the '721 and '690 Patents. LucidMedia has also filed a counterclaim for infringement of its patent for "Multimodal Information Services," U.S. Patent No. 7,418,086 ("the '086 Patent").

On June 24, 2011, AOL and Gannett (collectively, "the Movants") moved separately to transfer venue for this action to the U.S. District Court for the Southern District of New York. In the alternative, they each ask this Court to sever and transfer the claims by and against them to that district. Augme and LucidMedia filed detailed memoranda in opposition. The Movants filed a joint reply. The Court heard oral argument on July 21, 2011. The matter is ripe for decision.

## II.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Provided that the plaintiff's claims could initially have been brought in the transferee forum, "[t]he decision whether to transfer an action pursuant to § 1404(a) 'is committed to the sound discretion of the district court.'" *BHP Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000) (quoting *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 591 (E.D. Va. 1992)). In making that determination, the court must consider "(1) the plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the

interest of justice." *JTH Tax, Inc. v. Lee*, 482 F. Supp.2d 731, 736 (E.D. Va. 2007) (alteration in original) (internal quotation omitted). The movant bears the burden of establishing that the factors weigh strongly in favor of transfer. *See United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va.1985).

### III.

The Movants, AOL and Gannett, ask this Court to transfer the case to New York on virtually identical grounds. First, they assert that minimal consideration should be given to Augme's choice of forum, because this is not Augme's home forum. Second, they contend that the convenience of the parties and witnesses is a neutral factor in this case, which does not weigh heavily against transfer. Third and most importantly, they assert that the interest of justice would best be served by transferring this case to New York. Critical to the Movants' interest-of-justice argument is their assertion that a related action has been pending in the Southern District of New York since 2007 ("the New York Litigation"), and the New York court has already construed several disputed claim terms.

Augme counters that this case does not involve the same patents or products as the New York Litigation, and the New York Litigation will not resolve any issues before this Court. In Augme's view, the Movants seek transfer not to promote judicial economy, but for delay.

LucidMedia expresses no opinion on whether Augme's claims against the Movants should be transferred to New York. Rather, LucidMedia asserts that that the

3

claims between Augme and LucidMedia are severable and should remain before this Court regardless of whether the other claims are transferred.

The parties do not dispute that this action could have been brought originally in the Southern District of New York.[1] Rather, they focus on the discretionary factors governing § 1404(a) transfers. The Court considers these factors in turn.

*A.*

"[T]he plaintiff's choice of forum is ordinarily entitled to substantial weight." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003). However, "a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." *Id.* In addition, the "[p]laintiff's choice of forum should not be accorded great weight where . . . [the] [p]laintiff originally selected a separate forum within which to litigate its patents and is simultaneously engaged in litigation in that forum." *Inline Connection Corp. v. Verizon Internet Servs.*, 402 F. Supp. 2d 695, 701 (E.D. Va. 2005).

In this case, Augme, a Delaware corporation with its principal place of business in New York (Pl.'s Compl. ¶ 4), has chosen a venue other than its home forum. Notably, Augme previously filed a related action in its home forum, which remains pending.[2] *See Augme Techs., Inc. v. Tacoda, Inc.*, No. 1:07CV7088-CM (S.D.N.Y. filed Aug. 9, 2007).

---

[1] In a patent infringement action, venue is proper in any "judicial district where the defendant resides. . . ." 28 U.S.C. § 1400(b). For the purposes of venue, a corporate defendant resides in any judicial district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). All of the parties in this case are licensed to do business in New York, and are therefore subject to personal jurisdiction in New York. *See* N.Y. C.P.L.R. 301 (McKinney 2011).

[2] Augme disputes that the New York Litigation is related to this case. For the reasons explained *infra* at Part III.C, however, this Court finds that the actions are closely related.

4

These facts are somewhat suggestive of forum shopping, especially in light of Augme's previous attempt to have the claim terms at issue in New York re-construed by the United States District Court for the Central District of California ("the California Litigation"). *See* Order Granting Defs.' Mot. Transfer, *Modavox, Inc. v. AOL, LLC*, No. 2:08-cv-05914-SJO –PJWx (C.D. Cal. Apr. 14, 2009), *available at* Gupta Decl. Ex. 5. Section 1404(a) was designed in part to remedy this type of litigation strategy. *See DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 424 n.14 (E.D. Va. 1996).

Augme nevertheless asserts that its choice of forum is entitled to substantial deference because the Eastern District of Virginia bears a strong connection to the cause of action. Specifically, Augme notes that Gannett and LucidMedia are headquartered in this district; AOL maintains a substantial presence here; and the Defendants made, used, sold, and/or offered for sale their allegedly infringing products or services in this district.

Whether the Defendants sold or offered for sale their allegedly infringing products or services in this district is of little import: Sales activity alone does not establish a substantial connection to the forum. *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004). The more important question is "where the majority of the witnesses and evidence is located." *Id.* This leads the Court to the second and third factors of the § 1404(a) analysis—the convenience of the parties and witnesses, and access to sources of proof.

### B.

The convenience and proof factors do not counsel strongly for or against transfer in this case. The inventors of the patents-in-suit, Charles McCollum and Andrew

Burgess, would be key witnesses in this infringement action. They reside in Florida and Arizona, respectively, and would apparently be equally inconvenienced whether they must testify here or in New York. They have, however, already been deposed in the New York Litigation. (Gupta Decl. ¶ 16.)

As for the parties, Augme is headquartered in New York. (Pl.'s Compl. ¶ 4.) Augme cannot reasonably contend that it would be inconvenienced by having to litigate in its home forum. AOL is similarly headquartered in New York, and Gannett enjoys a substantial presence there.

The only party that would be inconvenienced by the proposed transfer is LucidMedia, who maintains its principal place of business in this district. LucidMedia asserts that all of its "research and development activities are conducted []here" (LucidMedia Opp'n 5–6), and that its allegedly infringing product has been developed, tested, maintained, and operated exclusively in this district (Ervin Decl. ¶ 5).[3]

The Court agrees that it would be more convenient for LucidMedia to litigate here, where the company is based and where the bulk of its relevant evidence will be found. However, the convenience of one party alone is not enough to overcome the interest of justice in this case.

### C.

"The interest of justice 'encompasses public interest factors aimed at systemic integrity and fairness.'" *Byerson v. Equifax Info Servs., LLC*, 467 F. Supp. 2d 627, 635

---

[3] LucidMedia concedes that it maintains a New York office, but asserts that the New York office is merely a sales office. (LucidMedia Opp'n 7.)

(E.D. Va. 2006) (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (2005) (internal quotation omitted)). Key considerations include the court's interest in promoting judicial economy and avoiding inconsistent judgments. *Id.* Notably, "the interest of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction." *Samsung*, 386 F. Supp. 2d at 716 (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3854, at 439–40 (2d ed. 1986)); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (noting that "the § 1404(a) factors of public interest of judicial economy can be of 'paramount consideration'").

The Movants contend that the interest of justice strongly favors transfer because Augme and AOL have been actively litigating a related action in the proposed transferee forum for over four years. Specifically, they assert that Augme sued AOL's subsidiary for infringement of the same family of patents in the New York Litigation,[4] then instituted the California Litigation thirteen months later. The California court transferred the case to the Southern District of New York, where the case was stayed pending resolution of the New York Litigation.[5]

---

[4] AOL was added as a defendant in that litigation by stipulation.
[5] Following transfer of the California Litigation, the New York court questioned Augme's counsel about whether it was engaged in forum shopping:

| | |
|---|---|
| THE COURT: | And you are suing these people in a whole bunch of different places in the hope that you are going to get different interpretations of the same patent by different judges? |
| MR. SHAUB: | No. |
| THE COURT: | Oh, baloney. |

(Tr. of *Markman* Hr'g 43–44, Feb. 4, 2009, *available at* Gupta Decl. Ex. D.)

7

The New York Litigation has been pending since 2007. Given that the New York Litigation has already produced "extensive discovery, including 4,191 pages of deposition testimony," and the New York court has already construed five of six disputed claim terms, the Movants characterize this case as a second attempt by Augme to circumvent the New York court's claim constructions. (AOL's Mot. Transfer 4; *see also* Gupta Decl. ¶¶ 16, 20.)

Augme and LucidMedia respond that the '721 and '690 Patents—the patents-in-suit here—are not before the New York court, and were not even issued until nearly three years after Augme initiated the New York Litigation. They further note that the Defendants' allegedly infringing products are not accused of infringement in the New York Litigation. Accordingly, they contend that the New York discovery differs in scope from the discovery needed here, and any judgment rendered in the New York Litigation will not resolve any issues in this case. Augme further avers that the interest in judicial economy favors retaining the case, because this Court's median length to trial in a civil case is just over eleven months. In contrast, the New York Litigation has already been pending for four years.

Upon close review of all four relevant patents, Augme's Complaint, and the arguments and evidence submitted by the parties, this Court finds that the interests of justice weigh heavily in favor of transfer. First, the patents-in-suit are closely related to the patents at issue in the New York Litigation. They arise from the same patent application; the '691 Patent is the parent to the '721 Patent; the '636 Patent is the parent to the '690 Patent; and both of the patents at issue in New York are incorporated by

8

reference into the patents-in-suit. (*Compare* U.S. Patent Nos. 7,783,721 and 7,831,690 *with* U.S. Patent Nos. 7,269,636 and 6,594,691.)

This is not a case in which the patents are only tangentially related. To the contrary, the inventors, Technical Field, Background, Summary, Preferred Embodiments, and all twelve drawings of the patents-in-suit are *identical* to those of the '691 and '636 Patents.[6] The patents differ only in the claims, and it is well-established that "claims 'must be read in view of the specification, of which they are a part.'" *Phillips v. AVH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)). Indeed, the specification "is the single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). "Usually, it is dispositive." *Id.*

Moreover, all four of the relevant patents are directed toward the same system and method to "add function to a Web page," and the creation and execution of a "second code module having a service response." (Alexander Decl. ¶ 9.) Peter Alexander, an expert witness in the New York Litigation, further asserts that the "media appliance metaphor" recited in the '690 Patent claims "is integral to the meaning of the 'function' that is added to the web page, which . . . is required in various forms in all of the claims from all four patents." (*Id.* at ¶ 15.) The four patents also share common terms such as "service response" and "first code module" which have already been construed by the New York court. (*Id.* at ¶ 11; *see also Augme Techs., Inc. v. Tacoda, Inc.*, No.

---

[6] Even the Abstracts of all but the '690 Patent are identical.

1:07CV7088-CM, *Markman* Claim Construction Rulings (S.D.N.Y. Mar. 25, 2009), ECF No. 44.)[7]

Given the substantial similarities between the patents-in-suit and the patent claim terms being construed in the New York Litigation, proceeding with this case in this Court presents a substantial risk of inconsistent judgments.

> Indeed, it is well-settled that transfer under § 1404(a) is generally in the interest of justice if a decision not to transfer would lead to courts rendering inconsistent judgments on the same issue. As the Supreme Court has noted, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Notably, the potential for inconsistent judgments in patent cases may be greater on average than for many other types of cases owing chiefly to the large number of issues that typically arise in most patent cases, including, for example, . . . *Markman* claim term determinations . . . . Accordingly, this factor—the potential for inconsistent judgments—while not dispositive, weighs significantly in favor of transfer in this case

*Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 642–43 (E.D. Va. 2010) (internal citations omitted) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 1474 (1960)).

In addition, the Movants contend that "[t]he scope of the technology at issue and the patents asserted in the New York Case and the patents-in-suit is, indeed, overlapping." (Joint Rebuttal 4.) More specifically, Jonathan Goodwin, the Director of

---

[7] The New York court has issued a preliminary *Markman* decision construing the following disputed claim terms: first code module embedded; command; first code module issues a first command to retrieve a second code module; service response; and assembling said second code module having said service response. (*Augme Techs., Inc. v. Tacoda, Inc.*, No. 1:07CV7088-CM, *Markman* Claim Construction Rulings (S.D.N.Y. Mar. 25, 2009), ECF No. 44.) It has not yet construed the term "function." (*See id.*) Each of these terms appears in some variation in the '721 Patent claims. The '690 Patent likewise involves a "service response" and "adding a media function to a Web page." (U.S. Patent No. 7,831,690, at 14.)


AOL's Product Management Group, asserts that the Tacoda technology at issue in the New York Litigation "is a significant component for managing AOL's behavioral targeting system on AOL's web pages, including www.huffingtonpost.com and www.aol.com" (Goodwin Decl. ¶ 3)—the allegedly infringing web pages at issue here (Pl.'s Compl ¶ 13). The Movants further explain that all four relevant patents are directed toward the "media appliance metaphor" concept, which is integral to the meaning of "function." (Alexander Decl. ¶ 15.) "Function" is common to the claims of all four patents. The New York court is currently construing the meaning of that term. (*See Tacoda*, No. 1:07CV7088-CM, *Markman* Claim Construction Rulings 5.)

The basic principles behind the patented technologies are substantially similar in both cases. The New York court has already spent over four years familiarizing itself with the technology relating to adding function to a web page.

Augme's contention that the lengthy duration of the New York litigation weighs against transfer is misguided. To the contrary, the fact that the New York court has invested substantial time conducting discovery and construing related patents "demonstrates that the New York Court is intimately familiar with the family of patents and technology at issue and underscores the complexity of the issues involved." (Joint Rebuttal 6–7.)

"In this case, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Although the New York Litigation and the instant "case[] may not involve precisely the same

issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *Id.* The New York court "became very familiar with" this family of "patent[s] and the related technology." *Vistaprint*, 628 F.3d at 1346. The fact that the "co-pending litigation before th[at] trial court involve[es] the same [family of] patent[s] and underlying technology[] provides a substantial justification for" transferring the case to New York. *Id.*

In sum, considering the New York court's intimate familiarity with the relevant technology and specifications, the Court's interest in avoiding inconsistent judgments, the interest of judicial economy, and the fact that Augme will not be inconvenienced by litigating in its home forum, this Court finds that all claims and counterclaims concerning the '721 and '690 Patents should be transferred to the Southern District of New York pursuant to § 1404(a).[8]

### D.

The same cannot be said, however, with respect to LucidMedia's counterclaim for infringement. LucidMedia is the holder of U.S. Patent No. 7,418,086 ("the '086 Patent"), entitled "Multimodal Information Services." (LucidMedia Countercl. ¶¶ 26-27.) In Count V of its Counterclaim, LucidMedia alleges that Augme makes, uses, sells, or imports products and services that infringe on the '086 Patent, including but not limited to "Augme AD LIFE." (*Id.* at ¶ 29.)

---

[8] LucidMedia asks this Court to sever the claims between Augme and LucidMedia from the claims concerning the Movants. With respect to the claims concerning the '721 and '690 Patents, however, such severance would invite inconsistent judgments and frustrate the Court's interest in promoting judicial economy.

12

The record contains no indication that the '086 Patent or the AD LIFE technology are in any way related to the patents-in-suit. Accordingly, the New York court does not appear to be any better equipped than this Court to preside over LucidMedia's counterclaim for infringement. Moreover, LucidMedia chose to file its counterclaim in this district and conducts all of its research and development here. Given the burden that transfer would impose upon LucidMedia,[9] this Court will sever Count V of LucidMedia's counterclaim from the balance of the action, and retain only that claim.

## IV.

For the reasons stated above, AOL and Gannett's motions to transfer will be granted. The action will be transferred to the Southern District of New York, with the exception that Count V of LucidMedia's counterclaim will be severed and tried in this Court.

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: July 26 2011
Richmond, VA

---

[9] At oral argument, counsel for LucidMedia stated unequivocally that LucidMedia would prefer to have its '086 Patent claim heard in this district even if all claims concerning the '721 and '690 Patents were transferred to New York.

13