**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **LUCIDMEDIA NETWORKS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:11-cv-282-HEH |
| v. ) | |
| ) | |
| **AUGME TECHNOLOGIES, INC.,** ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Pursuant to the Court's July 26, 2011 Order (Granting Motions to Transfer Venue; Severing LucidMedia's Counterclaim) (Dk. No. 46), LucidMedia Networks, Inc. hereby files Count V of its Counterclaim (Dk. No. 22) as an Amended Complaint for Patent Infringement.

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff LucidMedia Networks, Inc. ("LucidMedia"), by counsel, hereby demands a jury trial and complains of Defendant Augme Technologies, Inc. ("Augme") as follows:

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq.* LucidMedia brings this patent infringement action to enjoin infringement and obtain damages resulting from Augme's unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of United States Patent No. 7,418,086 ("the '086 patent") (attached as Exhibit A) titled "Multimodal Information Services." LucidMedia seeks injunctive relief to

prevent and restrain Augme from appropriating LucidMedia's patented technologies and seeks to secure damages to compensate LucidMedia for its losses.

## THE PARTIES

3. LucidMedia is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 11490 Commerce Park Drive, Reston, Virginia 20191.

4. On information and belief, Augme is a corporation organized under the laws of the State of Delaware, with its principal place of business at 43 West 24th Street, 11th Floor, New York, New York 10010.

5. On information and belief, Augme develops, uses, sells, offers to sell, or controls, directly or indirectly, among other things, a system for providing multimodal information services. By way of example, and without limitation, based upon publicly available information, Augme offers an infringing product and/or service called Augme AD LIFE, that provides information in different modalities to users as claimed by LucidMedia's patent.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Patent Act, 35 U.S.C. § 1, *et seq*.

7. This Court has personal jurisdiction over Augme because Augme has consented to jurisdiction in the Commonwealth of Virginia by commencing this action.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and by virtue of Augme's admission in its initial Complaint that venue is proper in this district.

## FACTUAL BACKGROUND

9. On April 29, 2011, Augme filed a Complaint for Patent Infringement against Gannett Co., Inc. ("Gannett"), LucidMedia, and AOL, Inc. ("AOL") in the United States District Court for the Eastern District of Virginia. (Dk. No. 1.)

10. LucidMedia answered Augme's Complaint on June 24, 2011, asserting as Counterclaim-Plaintiff a claim against Augme for infringement of LucidMedia's U.S. Patent No. 7,418,086 ("the '086 patent"). (Dk. No. 22.) On July 15, 2011, Augme answered LucidMedia's patent infringement counterclaim, admitting, *inter alia*, that this Court has personal jurisdiction over Augme in this action and that venue is conferred and proper in this District.

11. On June 24, 2011, the same day that LucidMedia answered Augme's Complaint, Defendants Gannett and AOL separately moved to transfer the case to the United States District Court for the Southern District of New York, or in the alternative to sever and transfer the claims asserted against Gannett and AOL, respectively. (Dk. Nos. 27 & 28.)

12. LucidMedia filed an Opposition to AOL's and Gannett's motions to transfer the case on July 6, 2011, arguing that the entire dispute between Augme and LucidMedia -- namely the patent infringement claim brought against LucidMedia and LucidMedia's counterclaims -- was properly before the Court in the Eastern District of Virginia. (Dk. No. 29.) The hearing on the motions to transfer was held on July 21, 2011, during which the Court granted AOL's and Gannett's motions with exception of LucidMedia's counterclaim against Augme for infringement of the '086 patent.

13. On July 26, 2011, the Court issued an Order Granting Motions to Transfer Venue; Severing LucidMedia's Counterclaim, directing LucidMedia to file Count V of its Counterclaim (infringement of the '086 patent) as an Amended Complaint within fourteen (14) days of the Order's entry. (Dk. No. 46.)

## COUNT I
### (Infringement of U.S. Patent No. 7,418,086)

14. Paragraphs 1 through 13 are incorporate by reference as if fully stated herein.

15. LucidMedia is the owner of United States Patent No. 7,418,068 ("the '086 patent").

16. On August 26, 2008, the United States Patent and Trademark Office duly and legally issued the '086 patent, entitled "Multimodal Information Services."

17. The '086 patent was initially assigned to Entrieva, Inc., which subsequently changed its corporate name to LucidMedia. LucidMedia is currently the assignee of all right, title, and interest in and to the '086 patent and has the legal right to enforce the '086 patent against Augme.

18. Augme makes, causes to be made, uses, sells, offers for sale, and/or imports products, methods, systems, devices, and/or services, including but not limited to Augme AD LIFE, that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more claims of the '086 patent as part of their normal and intended operation in the United States without the permission of, or making any compensation to LucidMedia.

19. Augme has induced and/or contributed to and is still inducing and/or contributing to the infringement of the '086 patent by providing its AD LIFE service to its customers, including, upon information and belief, the Kellogg Company, who directly infringes the '086 patent by using the infringing AD LIFE service in violation of 35 U.S.C. §§ 271(b) and (b) unless enjoined by the Court.

20. LucidMedia has been irreparably harmed by Augme's infringement of LucidMedia's valuable patent rights. Augme's ongoing, unauthorized, infringing use of LucidMedia's patented technologies has threatened the value of this intellectual property because Augme's conduct results in LucidMedia's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

21. LucidMedia is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284 and is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**PRAYER FOR RELIEF**

WHEREFORE, LucidMedia respectfully requests the Court grant the following relief:

   A. A judgment declaring that the '086 patent is valid and enforceable against Augme;

   B. A judgment declaring that Augme has infringed, directly and indirectly, LucidMedia's '086 patent;

   C. A judgment declaring that Augme's infringement of the '086 patent has been willful;

   D. A judgment enjoining further infringement of the '086 patent by Augme and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation therewith;

   E. A judgment declaring that Augme account for and pay damages in an amount to be determined at trial, but not less than a reasonable royalty, to LucidMedia for Augme's infringement of the '086 patent, and that such damages be trebled pursuant to 35 U.S.C. § 284;

   F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), LucidMedia demands a trial by jury on all issues so triable.

| Dated:  August 9, 2011 | Respectfully submitted,<br><br>By: */s/ Mark L. Hogge*<br>   Mark L. Hogge (VA Bar No. 23946)<br>   mark.hogge@snrdenton.com<br>   SNR Denton US LLP<br>   1301 K Street, N.W.<br>   Suite 600, East Tower<br>   Washington, D.C. 20005<br>   Telephone: (202) 408-6400<br>   Facsimile: (202) 408-6399<br><br>   Dana J. Finberg (VA State Bar No. 34977)<br>   dana.finberg@snrdenton.com<br>   SNR Denton US LLP<br>   1530 Page Mill Road, Suite 200<br>   Palo Alto, CA 94304<br>   Telephone: (650) 798-0300<br>   Facsimile: (650) 798-0310<br><br>   Attorneys for Plaintiff<br>   LucidMedia Networks, Inc. |
|---|---|

14958967\V-1